## HERMAN *v.* DRINKWATER.

A Shipmaster having received a trunk of goods on board his vessel, to be car-
ried to another port, which on the passage he broke open and rifled of its
contents ; the owner of the goods, proving the delivery of the trunk and its
violation, was admitted a witness, in an action for the goods against the
shipmaster, to testify to the particular contents of the trunk, there being no
other evidence of the fact to be obtained.

THIS was trover for certain articles of jewelry : and the
question of law reserved in the case, being argued at this term
by *Todd* for the plaintiff, and *Longfellow* for the defendant, the
opinion of the Court, from which the facts in the cause will suf-
ficiently appear, was delivered at another day in the term, as
follows, by

WESTON J. This case exhibits conduct of great turpitude on
the part of the defendant ; the more aggravated as it has a ten-
dency to impair our national character abroad. The plaintiff,
an unsuspecting foreigner, ignorant of our language, but propos-
ing to seek an establishment among us, having invested his
property in certain articles of small bulk, shipped them, packed
in a trunk and two boxes, on board the brig of which the de-
fendant was master, then in the port of *London*, who undertook
to transport them to the city of *New-York*. He engaged a pas-

sage for himself in the same vessel to accompany his goods, and sent on board his clothes and other baggage necessary for his personal accommodation. The defendant, little regarding the interest of the stranger, sailed without him. On the passage he violated the trunk and boxes, presented a part of their contents to his mate and crew, but kept the more valuable himself; professedly because he might be held responsible at a future day.

Instead of sailing for the city of *New-York*, he sailed for, and arrived at, *Portland*. Here he disposed of a part of his plunder; secure as he hoped from being called to an account by the injured foreigner, whom he had left on the other side of the Atlantic.

In the meantime the plaintiff, thus unexpectedly separated from his property, took passage in another vessel and arrived at *New-York*. Not hearing of the defendant there, he wrote to *Portland* where the vessel was owned. His correspondent applied to the defendant, who denied ever having received the goods; and it was not until certain of the articles sold in *Portland* were identified beyond all question, by the particular description which the plaintiff had furnished, under oath, of the contents of the trunk and boxes, that the fact was established that the defendant had received and embezzled the property.

All the foregoing facts were proved by unexceptionable testimony.

To prove the particular contents of the trunk and boxes, the judge, who presided at the trial, admitted the deposition or affidavit of the plaintiff, upon the ground of necessity; he not having it in his power to establish the fact by other proof. This testimony was objected to on the part of the defendant; and if improperly received, the verdict, which was returned for the plaintiff, is to be set aside, and a new trial granted.

That the testimony of a party is not to be received in his own cause, is a general rule of law of almost universal application. But to this rule there are some exceptions, founded in necessity.

The most ancient case is that which is to be found in the second volume of *Rolle's Abridgment* 685. 686. in which the principle is expressly recognized that the party robbed is from necessity a competent witness to prove the robbery, and of what

Herman *v.* Drinkwater.

sum or things he was robbed, in support of his own action un-der the statute of *Winton.* This particular exception is also re-cited as existing law, by *Stat.* 8. *Geo.* 2. *chap.* 16. *sect.* 15. and has since been considered as well established by all who have treated upon the law of evidence.

In *Johnson, v. Browning,* 6 *Mod.* 216. in an action for a mali-cious prosecution for a felony, the testimony given by the de-fendant's wife at the trial of the indictment, she being the only person present when the supposed felony was committed, was received in evidence to prove the fact, which was justified from the necessity of the case.

The suppletory oath of a party to prove entries in his book, appearing to be in his own hand writing, has been admitted by long usage and practice supported, to the extent in which it has been here received, by no other authority than the principle of necessity. 4 *Mass.* 455.

And to prove the loss of instruments, which appear to have once existed and to have been genuine, the oath of the party has been received; he alone in ordinary cases being able to testify to that fact. If the correctness of this practice has nev-er been settled here by judicial decisions, it has been recogniz-ed in the first tribunals of some of our sister States. 1 *Hay-ward* 4. *id.* 410.

The admission of the complainant as a competent witness, under certain limitations, in support of a complaint upon the statute for the maintenance of bastard children is, upon the same principle of necessity, authorized by statute.

In the case before us, the plaintiff had sustained his action by proof not liable to objection; but the extent of the damages to which he was entitled could be ascertained only by his own testimony. As he was to accompany the goods himself it is not to be presumed that he took any bill of lading or receipt from the defendant; and if he had, such an instrument does not usu-ally specify the particular contents of trunks and packages. The plaintiff therefore, unless his oath is admitted, must be de-prived of an adequate remedy; although the justice of his claim is most apparent. The analogy between his case and that of the party robbed in an action under the statute of *Winton,* is very striking; and his testimony is strongly corroborated by circumstances.

Upon the whole we are all of opinion, that the deposition or affidavit of the plaintiff was rightfully admitted, upon the ground of necessity; and that he is entitled to judgment upon the verdict.